IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Adrian Napoleon Beaty, | ) | Case No. 7:25-cv-13440-DCC |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Officer Kurt Jacobson, Officer B. Branson, Lindsey Overlay, Katrice Lyles, Amy Cox, John Doe, Chuck Wright, Barry Barnett, | ) | |
| Defendants. | ) | |

This matter is before the Court upon Plaintiff's pro se complaint. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report"). On December 5, 2025, the Magistrate Judge issued a Report ("the First Report") and recommended that certain Defendants be summarily dismissed from this action. ECF No. 11. By separate order, he authorized service as to Defendants Jacobsen and Branson ("the Moving Defendants"). ECF No. 7. Plaintiff filed objections to the First Report. ECF No. 17.

On March 19, 2026, the Moving Defendants filed a motion for summary judgment. ECF No. 33. On March 20, 2026, this Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences for failing to respond

adequately. ECF No. 34. Plaintiff did not respond to the motion. On April 23, 2026, the Magistrate Judge issued an order warning Plaintiff that failure to file a response may result in a recommendation to dismiss this action with prejudice and extending the time to file a response. ECF No. 37. Plaintiff did not respond to the motion. On August 5, 2026, the Magistrate Judge issued a Report ("the Second Report") and recommended that this action be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 41(b) or, in the alternative, that the Moving Defendants' motion for summary judgment be granted. ECF No. 40. The Magistrate Judge advised the Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff did not file objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Second Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge. This action is **DISMISSED** in its entirety pursuant to Rule 41(b).[1]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 8, 2026
Spartanburg, South Carolina

[1] The First Report [11] and the motion for summary judgment [33] are **FOUND as MOOT**.